IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROBERT GREGG CHILTON and | § | Case No. 08-43414 |
| JANICE ELAINE CHILTON, | § | (Chapter 13) |
| | § | |
| Debtors. | § | |

EOD
03/05/2010

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on an objection to the debtors' claim of an exemption in an individual retirement account inherited by Janice Chilton prior to bankruptcy. The parties to this matter agree that there are no disputes as to the material facts. The Court, having heard arguments of counsel and having reviewed the written memoranda of the parties, makes the following findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. *See* FED. R. BANKR. P. 7052.

**I. Findings of Fact**

Prior to the debtors' bankruptcy, Janice Chilton's mother, Shirley Jean Heil, established an individual retirement account ("IRA") at RBC Dain Rauscher f/k/a RBC Wealth Management. Shirley Heil designated her daughter, Janice, as the beneficiary on the account. On November 28, 2007, Shirley Heil died.

On January 21, 2008, Janice Chilton established an IRA at RBC Dain Rauscher for the purpose of receiving the funds from her mother's IRA. The account title is "Janice Chilton, Beneficiary, Shirley Heil, Decedent." The assets of Shirley Heil's IRA were transferred directly to Janice Chilton's account. None of the funds or assets in the account is the result of contributions made by the debtors. Janice Chilton, who will be 52 years old in 2010, must begin taking lifespan-measured distributions from the inherited

1

IRA in 2010, or she may chose to take the entire distribution by 2013 or earlier.[1]

The debtors filed for relief under Chapter 7 of the Bankruptcy Code on December 18, 2008. In their bankruptcy schedules, the debtors disclosed a community property interest in the "Dean Rauscher IRA." The total value of the debtors' interest as of the petition date was $170,000. The debtors claimed this property as exempt from their creditors pursuant to 11 U.S.C. § 522(d)(12).

The Chapter 7 trustee objected to the debtors' claim of exemptions. The Chapter 7 trustee also filed a motion to dismiss the debtors' case for abuse. The debtors responded to the dismissal motion by agreeing to convert their case to Chapter 13. The Court entered an agreed order converting their case to Chapter 13 on April 20, 2009. The Chapter 13 trustee subsequently adopted the Chapter 7 trustee's objection to the debtors' claimed exemption of the inherited IRA.

## II. Conclusions of Law

Upon the filing of a bankruptcy petition, an estate is created. The bankruptcy estate includes nearly all legal and equitable rights of the debtor as well as those interests recovered or recoverable through transfer and lien avoidance provisions. *See* 11 U.S.C. § 541. The Bankruptcy Code excludes certain property from this estate, *see* 11 U.S.C. §§ 541(b) and (c), and the Bankruptcy Code permits a debtor to "exempt" certain additional property, *see* 11 U.S.C. § 522(d). The Supreme Court has described an exemption as "an interest withdrawn from the estate (and hence from creditors) for the benefit of the debtor." *Owen v. Owen*, 500 U.S. 305, 308 (1991).

Section 522(d) establishes a minimum set of federal exemptions. Although

---

[1] *See* INTERNAL REVENUE SERVICE, U.S. DEP'T OF THE TREASURY, PUBLICATION 590: INDIVIDUAL RETIREMENT ARRANGEMENTS (IRAS) 37 (2008) ("Publication 590").

subsection (b)(2) empowers the states to "opt out" of the federal exemption scheme by prohibiting their citizens from selecting the exemptions set out in subsection (d), Texas permits a debtor in bankruptcy proceedings to choose between the federal and state exemptions. *See Bradley v. Pacific Southwest Bank, F.S.B. (In re Bradley),* 960 F.2d 502, 506 n. 2 (5th Cir. 1992). The debtors in this case elected the federal exemption scheme, and they claim that the inherited IRA is exempt under § 522(d)(12).

Section 522(d)(12) allows the exemption of "[r]etirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457 or 501(a) of the Internal Revenue Code of 1986." In order to determine whether funds are exempt under § 522(d)(12), the Court must engage in a two-part test. First, the Court must determine whether the funds are "retirement funds." Second, if the funds are retirement funds, the Court must determine whether the funds are exempt from taxation under the applicable provisions of the Internal Revenue Code.

### A. The Burden of Proof

A claim of exemptions is presumptively valid. *See* 11 U.S.C. § 522(l) ("the property claimed as exempt is exempt" unless a party in interest objects to the claim). The bankruptcy rules place the burden of proof on the party alleging that the exemptions were not properly claimed. In particular, Bankruptcy Rule 4003(c) provides:

> In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.

A debtor is not required to make an affirmative showing that a claimed exemption is appropriate. *See, e.g., Gagne v. Bergquist*, 179 B.R. 884, 885 (D. Minn. 1994). The debtor need only characterize the claimed exemption as falling within an exempt

category.  *See, e.g., Lester v. Storey (In re Lester),* 141 B.R. 157, 161 (S.D. Ohio 1991). The objecting party must, to meet its burden, produce evidence which "rebuts the *prima facie* effect of the claimed exemption." *Id.*

### B. Are the Funds Retirement Funds?

### 1. Inherited IRAs Distinguished From IRAs

As an initial matter, the Court recognizes that an inherited IRA is fundamentally different from an IRA.  Congress enacted § 408(a) of the Internal Revenue Code, which provides for the creation of IRAs, as part of the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub. L. 93-406, 88 Stat. 829.  In enacting this provision of ERISA, "the goal of Congress was to create a system whereby employees not covered by qualified retirement plans would have the opportunity to set aside at least some retirement savings on a tax-sheltered basis." *Campbell v. Comm'r*, 108 T.C. 54, 62-63 (1997) (citing H. Rept. 93-807 (1974), 1974-3 C.B. (Supp.) 236, 361; S. Rept. 93-383 (1973), 1974-3 C.B. (Supp.) 80, 210).  Under the statutory framework established by Congress, the IRA owner must begin taking distributions following the later of the calendar year in which the individual retires or April 1st of the calendar year in which the individual attains the age 70 1/2.  *See* 26 U.S.C §§ 401(a)(9)(C)(i), 408(d)(1).  IRA owners are not required to take distributions prior to the age 70 1/2, and they incur a 10% penalty for early withdrawal.  *See* 26 U.S.C. §§ 72(t), 408(d)(1).  Distributions from an IRA are taxable as gross income unless the distributions qualify as rollover contribution to another exempt account.  *See* 26 U.S.C. §§ 408(d)(1) and (3).

In the event of the original account holder's death, the Internal Revenue Code allows the contents of the IRA to go to a beneficiary who is not the spouse of the account

4

holder. The beneficiary may avoid immediately paying taxes on the full amount of the distribution if "a direct trustee-to-trustee transfer is made to an individual retirement plan … established for the purposes of receiving the distribution" of the inheritance. 26 U.S.C. § 402(c)(11).[2]  An "inherited IRA" is the vehicle used to receive this distribution. The inherited IRA must be set up and maintained in the name of the deceased IRA owner for the benefit of the beneficiary. *See* 26 U.S.C. § 402(c)(11)(A); Publication 590 at 20. The beneficiary may make no contributions to the new account, nor may he or she rollover the inherited funds into another retirement plan. *See* 26 U.S.C. §§ 402(c)(11)(A)(ii), 408(d)(3). Beneficiaries of inherited IRAs may make withdrawals at any time, without penalty and must either start taking lifespan-measured withdrawals within one year or take the entire amount within five years. *See* 26 U.S.C. §§ 401(a)(9)(B)(ii), 402(c)(11)(A)(iii), 408(a)(6). *See also* Publication 590 at 37.

## 2. The Plain Meaning of "Retirement Funds"

Turning to § 522(d)(12), the term "retirement funds" is not defined in the Bankruptcy Code. In their brief in support of the claimed exemption, the debtors argue that the plain meaning of "retirement funds logically means those funds legally authorized to be in a tax exempt account." The Court rejects this interpretation for several reasons. First, the debtors' argument violates a fundamental tenet of statutory

---

[2] The Pension Protection Act of 2006, Pub. L. No. 109-280, 120 Stat. 780 (2006), enacted Internal Revenue Code § 402(c)(11), which permits inherited pension benefits to be rolled over to an IRA on a tax-free basis. This change granted the same treatment for employer-sponsored retirement plans as the IRS previously allowed for IRAs. *See* 11 U.S.C. § 401(a)(9). *See also, e.g.,* Ltr Rul. 9810031, 9810032 and 9810033 (Dec 10, 1997) (allowing the beneficiaries of an inherited IRA to move their respective subaccounts from one trustee or custodian to another); Ltr. Rul. 200008044 (Dec 3, 1999) (ruling that the transfer of an inherited IRA from one custodian to another would not result in a taxable distribution under § 408). This change eliminated the need for non-spouse beneficiaries, such as domestic partners, to take a disbursement of funds from an employer-sponsored plan and pay the full taxable amount as a penalized withdrawal. *See* Joint Committee on Taxation, *JCT Releases Technical Explanation of Pension Protection Act*, TAX NOTES TODAY (Aug. 7, 2006) (available at LEXIS, 2006 TNT 151-43).

construction – that all the words of a statute should be given meaning – by reading the word "retirement" out of "retirement funds." Moreover, the debtors' argument collapses the question of whether an inherited IRA is a tax exempt account with whether an inherited IRA contains retirement funds.

When engaged in the task of statutory interpretation, "[c]ourts ... should ... attempt to give meaning to each word and phrase." *Fidelity Fed. Sav. & Loan Ass'n v. De La Cuesta,* 458 U.S. 141, 163 (1982). The Court assumes that, absent any contrary definition, "Congress intends the words in its enactments to carry their ordinary, contemporary, common meaning." *Pioneer Investment Services v. Brunswick Associates,* 507 U.S. 380, 389 (1993) (internal quotation marks omitted). Only if the term is ambiguous will the Court proceed beyond the language as written. *United States v. Ron Pair Enterprises,* 489 U.S. 235, 241 (1989). However, the words of a statute are not to be read in isolation when determining whether a term is ambiguous; statutory interpretation is a "holistic endeavor." *United Sav. Assn. of Tex. v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 371 (1988). "Interpretation of a word or a phrase depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis." *Dolan v. Postal Service*, 546 U.S. 481, 486 (2006).

Applying these standards to this case, the Court must look to the whole statutory text and all the words of § 522(d)(12) in determining the plain meaning of "retirement funds." Congress repeatedly uses the word "retirement" in § 522 to qualify the types of funds and accounts that may be exempted from the estate. Although the Bankruptcy Code does not define "retirement," the term is generally understood as "withdrawal from

6

one's position or occupation or from active working life." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 1000 (10th ed. 1998). The Court concludes that, viewing the words "retirement funds" in their entire context, they cannot reasonably be understood to authorize an exemption of an inherited IRA. The funds contained in an inherited IRA are not funds intended for retirement purposes but, instead, are distributed to the beneficiary of the account without regard to age or retirement status.

### 3. Relevant Legislative History

The above interpretation comports with the legislative history of § 522(d)(12). Prior to the enactment of § 522(d)(12), a debtor's right to payment from an IRA could be exempted from the bankruptcy estate under § 522(d)(10)(E) under certain circumstances. Section 522(d)(10)(E) provides an exemption of a debtor's right to receive payment "under a stock bonus, pension, profitsharing, annuity, or similar plan," but only to the extent the funds are reasonably necessary for the support of the debtor or the debtor's dependents. In *Patterson v. Shumate,* 504 U.S. 753 (1992), the Supreme Court suggested – but did not hold – that a debtor's right to receive payments from an IRA could be exempted from the bankruptcy estate under § 522(d)(10)(E).[3] In *Rousey v. Jacoway*, 544 U.S. 320 (2005), the Supreme Court followed its suggestion in *Patterson*, holding that IRAs can be exempted from the bankruptcy estate pursuant to § 522(d)(10)(E).

Subsequent to the *Rousey* decision, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "BAPCPA"), Pub. L. No. 109-8,

---

[3] Section 522(d)(10)(E) generally provides, with certain exceptions not relevant here, for the exemption of "[t]he debtor's right to receive … a payment under a stock, bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor …." 11 U.S.C. § 522(d)(10)(E).

7

119 Stat. 23, 64 (2005), which, among other changes to the Code, significantly altered the federal exemption scheme. Congress expanded the § 522(d)(10)(E) exemption by enacting subsection (d)(12), which allows a debtor to exempt an interest in an IRA (or other qualified plan) without a showing of age or necessity. Instead, as provided in § 522(b)(4)(A), the fact that the "retirement funds are in a retirement fund that has received a favorable determination under section 7805 of the Internal Revenue Code"[4] creates a presumption that the "retirement funds" are exempt. Alternatively, if the "retirement funds are in a retirement fund that has not received a favorable determination under section 7805," the debtor may exempt the "retirement funds" from the estate if, among other things, the "retirement fund is in substantial compliance with the requirements of the Internal Revenue Code of 1986." 11 U.S.C. § 522(b)(4)(B).

In enacting these changes to § 522, Congress clearly expressed an interest in protecting a debtor's retirement assets even in the event of bankruptcy. However, Congress repeatedly qualified the exemption of funds under § 522(d)(12) by limiting that exemption to "retirement funds" in a "retirement fund" exempt from taxation under various sections of the Internal Revenue Code that relate to different types of retirement and pension plans. *See* 11 U.S.C. § 522(b)(4)(A) and (B). Congress explained its changes to § 522 as follows:

> The intent of section 224 [of the BAPCPA] is to expand the protection for tax-favored retirement plans or arrangements that may not be already protected under Bankruptcy Code section 541(c)(2) pursuant to Patterson v. Shumate, or other state or Federal law. Subsection (a) of section 224 of

---

[4] Section 7805(a) of Title 26 gives the Secretary of the Treasury authority to "prescribe all needful rules and regulations for the enforcement" of the Internal Revenue Code. Informal IRS publications and pamphlets, such as Publication 590, are simply guides to taxpayers. S*ee* CWT Farms, Inc. v. Comm'r, 755 F.2d 790, 804 (11th Cir.1985). *See also* Bankers Life & Cas. Co. v. U.S., 142 F.3d 973, 977-83 (7th Cir. 1998) (discussing the levels of deference given to tax regulations promulgated pursuant to specific and general statutory grants of authority, revenue rulings, and private letter rulings).

8

> the Act amends section 522 of the Bankruptcy Code to permit a debtor to exempt certain retirement funds to the extent those monies are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code and that have received a favorable determination pursuant to Internal Revenue Code section 7805 that is in effect as of the date of the commencement of the case. If the retirement monies are in a retirement fund that has not received a favorable determination, those monies are exempt if the debtor demonstrates that no prior unfavorable determination has been made by a court or the Internal Revenue Service, and the retirement fund is in substantial compliance with the applicable requirements of the Internal Revenue Code. If the retirement fund fails to be in substantial compliance with applicable requirements of the Internal Revenue Code, the debtor may claim the retirement funds as exempt if he or she is not materially responsible for such failure. This section also applies to certain direct transfers and rollover distributions.

H. Rep. No. 109-31(I), 109th Cong., 1st Sess. 63-64 (2005), *reprinted in* 2005 WL 832198, 2005 U.S.C.C.A.N. 88 (footnote omitted, emphasis added).[5]

### 4. Cases Addressing Inherited IRAs Under State Exemption Statutes

This Court has not discovered any published cases that address the exemption of an inherited IRA under § 522(d)(12).[6] However, in interpreting state exemption statutes, bankruptcy courts have recognized the fundamental differences between an IRA owned by the debtor and an inherited IRA.[7] In *In re Sims*, 241 B.R. 467 (Bankr. N.D. Okla.

---

[5] In addition to amending § 522, the BAPCPA added other provisions that explicitly concern retirement funds, such as § 362(19), which provides that it is not a violation of the automatic stay for an employer to withhold 401(k) loan repayments from a debtor's paycheck, § 541(b)(7), which excludes from the property of the estate certain retirement contributions, and § 1322(f), which prohibits a Chapter 13 plan from materially altering the terms of 401(k) loans and provides that loan repayments do not constitute "disposable income" in Chapter 13.

[6] Section 522(b)(2)(C) is identical to § 522(d)(12), but applies in cases where the debtor elects state exemptions. The Court also looked for but did not discover any published cases addressing the exemption of an inherited IRA under § 522(b)(2)(C).

[7] *See, e.g., In re* Navarre, 332 B.R. 24, 30-31 (Bankr. M.D. Ala. 2004) (holding that an inherited IRA was not exempt from the bankruptcy estate under Alabama law); *In re* Greenfield, 289 B.R. 146 (Bankr. S.D. Cal. 2003) (holding that an inherited IRA could not be claimed as exempt under California law); *In re* McClelland, 2008 WL 89901 (Bankr. D. Idaho 2008) (holding that an inherited IRA was exempt from the bankruptcy estate under Idaho law). *Cf:* Robertson v. Deeb, et al., 16 So.3d 936 (Fla. Dist. Ct. App. [2nd Dist.] 2009) (holding that an inherited IRA was not exempt from garnishment).

9

1999), for example, the beneficiary of an inherited IRA claimed his interest in the inherited IRA as exempt under Oklahoma law. The applicable Oklahoma statute exempted "*any interest in a retirement plan or arrangement qualified for tax exemption purposes* under present or future Acts of Congress ... only to the extent that contributions by or on behalf of a participant were not subject to federal income taxation to such participant at the time of such contributions." *Id.* at 468 n. 2 (emphasis in original). The bankruptcy court concluded that the beneficiary's interest in the inherited IRA did not qualify for exemption under that statute. *Id.* at 470. The court explained that, unlike original IRAs, inherited IRAs are not vehicles to defer taxation on income in order to preserve money for retirement. Instead, inherited IRAs are liquid assets that the beneficiary may access at any time without penalty and that the beneficiary must take as income without regard to retirement needs. *Id.*

In *In re Jarboe*, 365 B.R. 717 (Bankr. S.D. Tex. 2007), the debtor claimed an IRA he had inherited from his mother as exempt under § 42.0021 of the Texas Property Code. Section 42.0021, which is entitled "Additional Exemption for Certain Savings Plans," states in relevant part:

> (a) In addition to the exemption prescribed by Section 42.001, a person's right to the assets held in or to receive payments, whether vested or not, under any stock bonus, pension, profit-sharing, or similar plan, including a retirement plan for self-employed individuals, and under any annuity or similar contract purchased with assets distributed from that type of plan, and under any retirement annuity or account described by Section 403(b) or 408A of the Internal Revenue Code of 1986, and under *any individual retirement account* or any individual retirement annuity, including a simplified employee pension plan, and under any health savings account described by Section 223 of the Internal Revenue Code of 1986, *is exempt from attachment, execution, and seizure for the satisfaction of debts unless the plan, contract, or account does not qualify under the applicable provisions of the Internal Revenue Code of 1986.*

*Id.* at 720 (quoting TEX. PROP.CODE ANN. § 42.0021(a) (Vernon 2006)) (emphasis in original).  The bankruptcy court examined the referenced provisions of the Internal Revenue Code and held that "an inherited IRA is sufficiently different from an IRA so as to preclude its exemption from the bankrupt estate."  *Id.* at 723 (quoting *Navarre,* 332 B.R. at 31).  "Most importantly, the beneficiary can remove funds at any time, for any reason, and without penalty -- and must either start taking lifespan-measured withdrawals within one year or take the entire amount within five years, regardless of the beneficiary's age."  *Id.* at 725.

While Congress did not expressly adopt the analysis of these courts in its amendments to § 522, the language of the new § 522(b)(12) accords with their distinction between IRAs and inherited IRAs.  Congress did not exempt all funds in qualifying accounts, but only "retirement" funds.  Moreover, as discussed above, the statutory framework governing IRAs distinguishes between an original IRA and an inherited IRA.

### C. Is the Account Exempt from Taxation?

Assuming, *arguendo*, that the funds at issue in this case are "retirement funds," the funds must also meet the second prong of the § 522(d)(12) test -- the "retirement funds" must be "exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code."  11 U.S.C. § 522(d)(12).  The Chapter 13 trustee argues that an inherited IRA is not exempt from taxation under these provisions.  In their response to the Chapter 13 trustee's objection, the debtors present several arguments regarding the treatment of inherited IRAs under the Internal Revenue Code in support of their claimed exemption.

First, the debtors argue that the inherited IRA is an eligible rollover under Internal

Revenue Code § 402(c)(11) and, therefore, is exempt from taxation under § 408(e)(1). Next, the debtors argue that Bankruptcy Code §§ 522(b)(4)(B) and (C) support their claimed exemption. The debtors specifically argue that (1) there is no applicable determination regarding the inherited IRA under § 7805 of the Internal Revenue Code; (2) the IRS has approved RBC Dain Raucher to act as a custodian and, therefore, the inherited IRA is in substantial compliance with the requirements of the Internal Revenue Code; and (3) any failure of the inherited IRA to comply with the Internal Revenue Code is not their fault. *See* 11 U.S.C. § 522(b)(4)(B). The debtors alternatively assert that the transfer of funds from Shirley Heil's account to Janice Chilton's account was a trustee-to-trustee transfer protected by § 522(b)(4)(C).

The debtors are intermingling two separate concepts – the tax treatment of *accounts* and the tax treatment of *distributions* – in arguing that an inherited IRA is exempt from taxation under § 408(e)(1). The Internal Revenue Code separately discusses the tax-exempt status of an IRA and the taxability of distributions from an IRA. Internal Revenue Code § 408(d) deals specifically with the taxability of distributions from an IRA, including rollovers, while § 408(e) governs the disqualification and taxability of the fund itself. An inherited IRA, which is a vehicle for receiving *distribution* from a tax exempt account, does not fit within the definitional scope of § 408(e)(1). *See In re Kirchin*, 344 B.R. 908, 914 (Bankr. E.D. Wisc. 2006).

However, the debtors are correct in their assertion that an inherited IRA is exempt from taxation under Internal Revenue Code § 402(c)(11). Internal Revenue Code § 408(d)(3)(C), entitled "Denial of rollover treatment for inherited accounts, etc.," provides that "such inherited account or annuity shall not be treated as an individual retirement

account or annuity for purposes of determining whether any other amount is a rollover contribution." 11 U.S.C. § 408(d)(3)(C)(II).  Thus, the beneficiary of an inherited account may not treat the inherited account as his or her own IRA by, for example, making contributions to the account or rolling over the account into another retirement plan.  *See id.  See also, e.g., Kirchin*, 344 B.R. at 913-14.  Section 402(c)(11) is a narrow exception to this general prohibition, allowing the beneficiary to move the inherited funds into an IRA account that he or she controls, without paying taxes on the distribution, by treating the transfer as an eligible rollover distribution.  However, in order to be exempt from creditors under Bankruptcy Code § 522(d)(12), the inherited IRA must be exempt from taxation under §§ 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code.  Section 402(c)(11), which provides for the creation and treatment of the inherited IRA at issue in this case, is not one of these enumerated provisions.

### III. Conclusion

Although there is no dispute that Shirley Heil's IRA was exempt from taxation, her death and the distribution of the funds from her IRA to her daughter transformed the nature of the IRA.  Her daughter, Janice, placed the distributed funds into a new account created in her deceased mother's name from which she, as the beneficiary of the new account, must take distributions prior to retirement.  Similar to the treatment of inherited IRAs under the state exemption statutes discussed in *Sims* and *Jarboe*, an inherited IRA is not equivalent to an IRA for purposes of determining whether the account contains "retirement funds" that may be exempted from the estate under § 522(d)(12).  Even assuming, *arguendo*, that the inherited IRA contains "retirement funds," the account established by Janice Chilton to receive the distribution of funds from Shirley Heil's IRA

13

is not a traditional IRA exempt from taxation under § 408(e)(1). For these and all of the foregoing reasons, the Court concludes that the Chapter 13 trustee has rebutted the *prima facie* effect of the debtors' claimed exemption. The IRA inherited by Janice Chilton from her mother is a non-exempt asset of the debtors' bankruptcy estate.

**IT IS THEREFORE ORDERED** that the Chapter 13 trustee's Objection to Exemptions [Doc. Nos. 9 and 41] is **SUSTAINED** with respect to the debtors' claimed exemption of $170,000 for the inherited IRA at RBC Dean Rauscher.

Signed on 03/05/2010

*Brenda T. Rhoades*    SD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE